ERIN J. COX (State Bar No. 267954)
Erin.Cox@mto.com
MARK R. YOHALEM (State Bar No. 243596)
Mark.Yohalem@mto.com
BRANDON E. MARTINEZ (State Bar No. 318749)
Brandon.Martinez@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
The Walt Disney Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFFREY SCOTT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-CV-09709-SB-SK<br><br>**DEFENDANT THE WALT DISNEY COMPANY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REPLY BRIEF AND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE; AND REQUEST THAT COURT ORDER DEFENDANT TO FILE A COMPLIANT REPLY BRIEF OR GRANT PLAINTIFF LEAVE TO FILE SURREPLY**<br><br>**Judge:** Hon. Stanley Blumenfeld, Jr.<br><br>**Date:** March 26, 2021<br>**Time:** 8:30 A.M.<br>**Place:** Courtroom 6C<br><br>**Action Filing Date:** October 22, 2020 |

Plaintiff Jeffrey Scott's objections to Defendant The Walt Disney Company's ("Disney") Reply and Supplemental Request for Judicial Notice should be overruled, and his request that Disney be ordered to file an amended reply or that he be allowed a 10-page surreply should be denied.

Scott's pitch for the opportunity to submit a 10-page surreply appears to be based primarily on his complaint that the "Reply cites approximately forty new authorities that were not cited in the memoranda in support of and in opposition to defendant's motion," though Scott concedes "most of [these authorities] address the same issues that defendant argued in its opening brief." (Pl.'s Obj. at 1-2.) Scott cites nothing in support of his requests for a surreply or for ordering Disney to amend its reply.

The law does not support the relief Scott seeks. The Court has discretion to permit a surreply only "[w]hen a party raises new arguments or presents new evidence in a reply." *Laub v. Horbaczewski*, 2020 WL 5092452, at *1 (C.D. Cal. June 24, 2020). Scott concedes that the "new authorities … address the same issues that defendant argued in its opening brief" and does not contend that the reply raises any new or different arguments. (Pl.'s Obj. at 1-2.) Where "defendants' reply brief and supporting materials do not raise new matters," they "should not be stricken." *Gambra v. Int'l Lease Fin. Corp.*, 377 F. Supp. 2d 810, 827 n.18 (C.D. Cal. 2005)

That leaves only his argument about "new evidence." But evidence is not "'new,' … if it is submitted in direct response to proof adduced in opposition to a motion." *Laub,* 2020 WL 5092452 at *1; *Gambra*, 377 F. Supp. 2d at 827 n. 18 ("the evidence submitted in support of the reply brief directly relates to the discussion of jurisdiction and foreign law set forth in the motion and opposition"). That is particularly so when "the reply [is] responsive to [the plaintiff's] arguments and 'evidence' in opposition that were different from the allegations in the amended complaint." *Aguirre v. Munk*, 2011 WL 2149087, *13 (N.D. Cal. June 1, 2011). That is exactly what happened here: Scott's Opposition asserted a host of new factual and legal theories not pleaded in his Complaint and indeed contrary to his Complaint, including: (1) that Scott was authorized to create a copyrighted

derivative work by Henson in addition to Marvel (Opp. at 4-5); (2) that "Marvel had apparent authority to enter into an agreement whereby Scott retained his copyright in the Bible" (*id*. at 7-8); (3) that Scott did not know in 2003 that he owned a *Muppet Babies* copyright (*id*. at 11); and (4) that Marvel purportedly "executed the Marvel Agreement [with Scott] by performance" (*id*. at 15, caps. amended). Scott also raised a series of bankruptcy-related theories and relied on evidence (including multiple declarations) far beyond anything in the Complaint. Disney properly responded to those arguments, and Scott is not entitled to a surreply merely because he changed his theories.

     Scott's attack on Disney for using footnotes and a bullet list is even more mistaken. The Reply contains nine footnotes. There is nothing excessive about that, and the footnotes serve their proper function of addressing tangents to main points. The bullet list covers the factors for substantial similarity, and each bullet has a single declarative sentence followed by a citation sentence. That is a customary way of organizing terse information. Scott's attack is even less tenable in context. Disney's bullet list responds to Scott's substantial similarity argument, which is made not in his Opposition, but in a document incorporated by reference into that Opposition: an eight-page, single-spaced comparison of the 1984 *Muppet Babies* show bible to Disney's 2018 reboot appended to Scott's declaration. (*See* Opp. at 14 ("Exhibit 2 to Scott's declaration is a comparison that highlights many of the Bible elements that Disney lifted and used in the first four episodes of the Reboot.").) Scott similarily submitted as an exhibit a 28-page, single-spaced comparison of the show bible to the notes of Henson Associates' March 1984 *Muppet Babies* brainstorming session in support of his position regarding copyrightability. (*See* Scott Decl., Ex. 3; Opp. at 13 ("Many of the new elements in Scott's Bible are described in Exhibits 2, 3, and 4 to his declaration").) Unlike Disney's bullet list, which was proper, Scott improperly "circumvent[ed] page limits by simply incorporating by reference other documents, such as attached or lodged exhibits." *De La Torre v. Legal Recovery L. Off.*, 2013 WL 5462294, at *3 (S.D. Cal. Sept. 30, 2013). After he did so, he cannot possibly have grounds to protest Disney's reply, let alone to

-2-

RESP. TO PL.'S OBJS. TO DEF.'S REPLY & SUPPL. REQ. FOR JUDICIAL NOTICE; AND REQ. THAT CT. ORDER DEF. TO FILE A COMPLIANT REPLY BR. OR GRANT PL. LEAVE TO FILE SUR-REPLY

win himself a surreply.

Finally, Scott's objection to Disney's supplemental request for judicial notice is equally meritless. These documents directly respond to Scott's arguments and evidence that he "did not know the technical intricacies of the Copyright Act" in 2003 when filing for bankruptcy and "did not know that he owned a copyright in the Bible he had written nearly twenty years earlier" as a means to avoid bankruptcy estoppel. (Opp. at 10; Scott Decl. ¶¶ 5-6; *see also* Reply at 9 n.7 (explaining relevance of documents appended to Suppl. RJN).) Where, as here, a defendant's "documents respond directly to [the plaintiff's] allegations made in his opposition brief, the Court … may properly consider this rebuttal evidence even though it was offered for the first time in [the defendant's] reply brief." *United States v. Taibi*, 2012 WL 553143, at *4 (S.D. Cal. Feb. 21, 2012).

Moreover, these documents—which concern Scott's attempt to misappropriate copyrights in the *Three Stooges*—cannot possibly come as a surprise to Scott, who was the one was lost the lawsuit, sent a letter to licensees claiming he knew copyright law better than the trial court, and was found in contempt as a consequence. Scott says inaccurately that Disney has failed to provide "any evidence as to the circumstances of [the documents'] preparation or the matters addressed therein." (Pl.s Obj. at 2.) As the Supplemental RJN explains, the documents are two court records, consisting of a judgment (Ex. A) and a letter signed by Scott and filed with the Los Angeles Superior Court (Ex. B), and a newspaper article (Ex. C). Scott does not dispute that is what these are, and he offers no explaining why, for instance, a judgment is not indisputable evidence of how the case was resolved.

For the foregoing reasons, this Court should overrule Scott's objections to Disney's Reply and Supplemental Request for Judicial Notice and deny his request that Disney be ordered to file an amended reply or that Scott be allowed a surreply, such that the parties and this Court can proceed with oral argument on March 26, 2021.

| | | |
|---|---|---|
| 1 | DATED: March 18, 2021 | MUNGER, TOLLES & OLSON LLP |
| 2 | | ERIN J. COX |
| 3 | | MARK R. YOHALEM |
| | | BRANDON E. MARTINEZ |

By: _/s/ Erin J. Cox_
       Erin J. Cox

Attorneys for The Walt Disney Company

-4-
RESP. TO PL.'S OBJS. TO DEF.'S REPLY & SUPPL. REQ. FOR JUDICIAL NOTICE; AND REQ. THAT CT. ORDER DEF. TO FILE A COMPLIANT REPLY BR. OR GRANT PL. LEAVE TO FILE SUR-REPLY